# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENNETH OKAIGYA ANNAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 16-cv-3784 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| TERRENCE BENIGNETTI, LISA JOHNSON, GEORGE ADAMS, and the ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Kenneth Annan, brought this action against the Illinois Department of Healthcare and Family Services (DHFS) and its employees Terrence Benignetti, Lisa Johnson, and George Adams, alleging violations of his Fourteenth Amendment due process rights. The defendants have moved to dismiss Annan's second amended complaint for failure to state a claim on which relief may be granted. For the reasons set forth below, those motions [46][49] are granted and this case is dismissed.

**Background**

The following facts are taken from Annan's second amended complaint and oral arguments and are accepted as true for the purpose of ruling on the present motion. Annan was behind on his child support obligations and was experiencing financial hardship as a result of those obligations.[1] In an attempt to prevent his eviction, Annan withdrew funds from his TIAA CREF retirement account and placed them in his bank account, with the intention of using those funds to pay his

---

[1] The Court notes that it appears Annan's situation arose, in part, from DHFS' refusal to modify his child support obligations while he held a University position in Ghana that paid roughly $6,000 USD annually or when he subsequently returned to the United States and was temporarily unemployed.

1

rent. DHFS, however, had placed a lien on Annan's bank account, depriving Annan of access to the funds he had just transferred. Annan, believing the lien to have been improperly imposed, appealed the action. Annan's appeal hearing was initially rescheduled due to his pending application to modify his child support obligation, which apparently had to be decided before his appeal could proceed. At the subsequently rescheduled hearing, the hearing officer instructed Annan to fax Johnson proof that the money in his bank account had been withdrawn from his TIIA CREF account. Annan subsequently called DHFS, and Johnson confirmed receipt of the fax. Annan was then transferred to Benignetti, who advised that the department had scheduled a "board meeting" to discuss Annan's case. Annan subsequently returned to Illinois from Texas, where he was then working as an adjunct professor, and filed a request for an emergency hearing in small claims court, which was ultimately dismissed for lack of jurisdiction. After the small claims court hearing, Annan went to the DHFS offices, where he spoke with Benignetti. Benignetti offered to provide Annan with half of the disputed amount if DHFS could retain the other half, but Annan rejected this offer. Benignetti subsequently gave Annan Adams' contact information. Annan attempted to reach Adams for a week and, although he left messages for Adams, never received a call back. Around that time, it appears that the funds in question were garnished out of Annan's account.

As a result of the defendants' conduct, Annan contends that he was forced to abandon his job, has suffered stress and medical hardships, and has lost his retirement benefits.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief

2

above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012). Complaints filed by pro se plaintiffs must be liberally construed, and are held to a less stringent standard than pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

**Discussion**

The defendants first contend that Annan's claims against DHFS are barred by the Eleventh Amendment. The Eleventh Amendment bars any suit brought in federal court against an unconsenting state by its own citizens or by the citizens of another state. *Pennhurst v. State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *see* U.S. CONST. amend. XI. This bar extends to state agencies, including DHFS. *Ill. Dept. Healthcare & Family Serv.,* No. 09 C 4414, 2010 WL 381115, at *2 (N.D. Ill. Jan. 26, 2010) (Coar, J.). Illinois, moreover, has not waived its sovereign immunity to suit in federal court. *See* 705 ILCS 505/1 *et seq*. Although Annan asserts that he is not seeking to challenge the state's right to assess child support, the fact remains that he has filed an action naming DHFS as a defendant, an action which the Eleventh Amendment does not allow. Accordingly, DHFS must be dismissed as a named defendant in this lawsuit. The same is true with respect to any official capacity claims that Annan might be attempting to assert against the individually named defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official

but rather is a suit against the official's office. As such it is no different from a suit against the State itself.").

Annan also appears to assert personal capacity claims against the individual defendants for violations of his due process rights. In order to state a section 1983 claim against an individual defendant acting in their personal capacity, a plaintiff must allege the individual's personal involvement in the purported constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Annan, however, has not sufficiently alleged a due process violation. The Fourteenth Amendment only protects against deprivations of property that occur "without due process of law." "[I]f a state provides an adequate means of addressing a property deprivation, the victim of the deprivation has been afforded due process of the law." *Kauth v. Hartford Ins. Co.*, 852 F.2d 951, 955–56 n. 8 (7th Cir. 1988) (citation omitted). Here, Annan has alleged that he received inadequate notice of the actions taken against him and that he was not provided with sufficient opportunities to argue against those actions. Annan, however, had the right to have the DFHS's actions reviewed by the Circuit Court under 305 ILCS 5/10-25.5(b) and 735 ILCS 5/3-103. It is undisputed that Annan did not do so, and he does not now allege that that available state remedy is constitutionally inadequate. Accordingly, although Annan has plausibly argued that the administrative decisions against him were unfair, he cannot establish that the procedures by which those decisions were reached *and would have been reviewed* were constitutionally inadequate. *Kauth*, 852 F.2d at 955–56 n. 8. *Pressley v. Barnich-Ketel*, No. 02 C 4492, 2003 WL 168645, at *1 (N.D. Ill. Jan. 23, 2003) (Zagel, J.).

Annan, moreover, has failed to allege facts capable of establishing the individual defendants' involvement in the alleged violations of his due process rights. Annan alleges that Johnson made an "introduction" at his hearing, gave him a fax number, confirmed receipt of his fax, and transferred his call to Benignetti. Benignetti, in turn, informed Annan that his case would be discussed at a board meeting, offered him a compromise agreement, and gave him Adams' contact information.

4

Adams failed to return Annan's calls despite multiple calls every day over a whole week.  None of these allegations, absent more, are capable of establishing that any of the individually named defendants were personally involved in depriving Annan of his constitutional rights.  Annan's claims against the defendants in their individual capacities accordingly must also be dismissed.

Annan's complaint also states, in a conclusory manner, claims for "violations of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint."  Annan's allegations are incapable of supporting any of these claims, and Annan has offered no argument, either in his written response or his oral arguments, as to why these claims are appropriately brought.  Accordingly, to the extent Annan's complaint can be interpreted as asserting claims of false arrest, assault, battery, false imprisonment, malicious prosecution, or conspiracy, those claims are dismissed for failure to state a claim.  *See Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (recognizing that a plaintiff can waive an argument by failing to raise it in response to a motion to dismiss).  The same is true with respect to Annan's conclusory and unsupported allegations under 42 U.S.C. §§ 1985 and 1986.  *Id.*

**Conclusion**

As this Court reminded the parties at oral argument, this Court is a court of law, and its ability to grant relief is limited to those situations where the law provides for relief.  This Court understands that the adjudication of child support issues can be complicated and frustrating for all involved, and the plight that Annan has alleged is certainly unfortunate and regrettable.  Frustration and misfortune, however, do not give rise to a claim which can be heard in federal court.  Based on the facts which he has alleged and the laws which he has invoked, Annan's second amended complaint is dismissed without prejudice for those reasons previously set forth.  Based on the pleadings and arguments before it, this Court doubts that Annan will be able to amend his complaint

to rectify the deficiencies identified in this opinion. Nevertheless, this Court will allow Annan 30 days to file a motion for leave to file an amended complaint if he believes that it is prudent to do so. If such a motion is not filed within 30 days, the dismissal of this case will automatically convert to one with prejudice.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: September 28, 2017